IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § § | Civil Action No. **3:13-CV-739-L** |
| DELSA U. THOMAS; THE D. CHRISTOPHER CAPITAL MANAGEMENT GROUP, LLC; AND THE SOLOMON FUND, LP, | | |
| Defendants. | | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is the Motion to Vacate Default Judgment (Doc. 15), filed August 14, 2014, pursuant to Federal Rule of Civil Procedure 60(b)(1)-(5). After careful consideration of the motion, response, reply, evidence, record, and applicable law, the court **denies** the Motion to Vacate Default Judgment (Doc. 15).

**I.     Background**

Plaintiff Securities and Exchange Commission ("Commission" or "Plaintiff") brought this action against Defendants Delsa U. Thomas ("Thomas"); The D. Christopher Capital Management Group, LLC ("DCCMG"); and The Solomon Fund, LP ("Solomon Fund") (collectively, "Defendants"), alleging violations of federal securities laws. The Commission alleged in its Complaint that Defendants fraudulently induced members of Thomas's church, New Beginnings, and others to invest with them approximately $2.3 million, which was supposed to be invested in bond transactions or U.S. Treasury notes. The Commission alleged that Defendants instead

"commingled investor funds, lost investor funds in reckless payments to other shadowy companies, made Ponzi payments to investors in Thomas's earlier investment programs, and squandered many of the remaining funds on personal expenses." Pl.'s Compl. 1-2. The Commission further alleged that "Thomas, as the sole principal and actor for the entity Defendants, made material misrepresentations and omissions of fact about her experience and success, the safety of the supposed investments she and the entities offered, and potential investment returns." *Id.* at 2. The Commission alleged that "Defendants continue to lull investors with empty promises of repayment despite having no funds with which to compensate their victims." *Id.* The Commission alleged that Defendants engaged in fraud in connection with the offer, purchase, and sale of securities in violation of the antifraud provisions of: (1) section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); (2) section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b); and (3) Rules 10b-5(a) and (c) of the Exchange Act, 17 C.F.R. §§ 240.10b-5. The Commission also alleged that Thomas and DCCMG engaged in fraudulent behavior in violation of sections 206(1), (2), and (4) of the Investment Advisers Act ("Advisers Act"), 15 U.S.C. § 80b-6(1), (2), (4); Rule 206(4)-8 of the Advisers Act, 17 C.F.R. 275.206(4)-8; and section 203A of the Advisers Act, 15 U.S.C. § 80b-3a.

The clerk of the court entered default against Defendants on May 9, 2013, and the Commission moved for default judgment against Defendants on May 10, 2013, in the form of a civil monetary penalty, a permanent injunction, disgorgement, and prejudgment and postjudgment interest. The court entered a default judgment against Defendants on March 4, 2014, after concluding that Defendants were properly served on February 19, 2013, and failed to file an answer to the Complaint or otherwise defend in this lawsuit. The court therefore permanently enjoined

**Memorandum Opinion and Order – Page 2**

Defendants from violating section 17(a) of the Securities Act and Section 10(b) of the Exchange Act; and permanently enjoined Defendants Thomas and DCCMG from violating section 203A of the Exchange Act and sections 206(1), (2), and (4) of the Advisers Act, and Rule 206(4)-8 of 17 C.F.R. 275.206(4)-9. The court ordered default judgment in favor of Plaintiff and held Defendants jointly and severally liable for disgorgement of $1,980,000, plus prejudgment interest of $9,939.56, for a total of $1,988,838.56. In addition, the court assessed a third-tier civil penalty against: Thomas in the amount $150,000; DCCMG in the amount of $725,000; and Solomon Fund in the amount of $725,000. Postjudgment interest on the total amount of disgorgement and prejudgment interest were ordered to accrue at the applicable federal rate as of the date of entry of the court's judgment until paid in full.

On August 14, 2014, Thomas filed the Motion to Vacate Default Judgment on behalf of herself and the other two entity Defendants, contending that the Commission's notice of its motion for default judgment was not properly served on Defendants under Federal Rule of Civil Procedure 5(b) before default judgment was entered against Defendants. Thomas contends that the notice served on Defendants was merely left on her front door and was not signed by her or someone else who resides at the residence. The Commission responds that Defendants were properly and timely served through Thomas, and that their request to vacate the judgment is simply a "last-ditch effort to avoid statutorily-authorized sanctions in an ongoing administrative proceeding pending before the Commission." Pl.'s Resp. 1.

**II.    Analysis**

As previously noted, Thomas filed and signed the Motion to Vacate Default Judgment on behalf of herself and the other two entity Defendants. The record indicates that each of the

Defendants in this case is proceeding *pro se*. Parties appearing in a federal court may "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Section 1654 recognizes an individual's general right to proceed *pro se* with respect to her own claims or claims against her personally but does not authorize unlicensed lay persons to represent anyone other than themselves. *See id.; see also Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (concluding that executed powers of attorney did not authorize an unlicensed attorney to file pleadings or papers on behalf of another as a "next friend"). Although an individual has the right to proceed *pro se*, business entities such as limited liability companies—as fictional legal persons—have no such right, and must be represented by licensed counsel. *Southwest Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 54-56 (5th Cir. 1982); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981). "This is so even when the person seeking to represent the corporation is its president and major stockholder." *Id.* at 399 (citation omitted). Thus, Thomas, who is not a licensed attorney, can represent herself, but she cannot represent Defendants DCCMG or Solomon Fund, which must be represented by licensed counsel. The court therefore considers only whether the default judgment entered against Thomas should be set aside. Further, as Thomas only moved to set aside the default judgment entered by the court and does not seek to set aside the clerk's entry of default, the court's analysis addresses only whether the default judgment entered against her should be set aside.

"The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief." *Wright v. Robinson*, 113 F. App'x 12, 16 (5th Cir. 2004) (citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir.1985)). Under Rule 60(b), a district court may grant relief from a final judgment for any of the following reasons:

>(1) mistake, inadvertence, surprise, or excusable neglect;
>
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (1)-(5). Thomas does not specify which of these grounds she is relying on to set aside the judgment, but her motion appears to be based on Rule 60(b)(1) and (5).

Rule 60(b) allows a district court to set aside a default judgment for "good cause." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). "In determining whether good cause exists to set aside a default judgment," district courts consider: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008)). "Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law"; "a party has a duty of diligence to inquire about the status of a case." *Pryor*, 769 F.2d at 287. Furthermore, parties have a duty to inquire periodically into the status of their litigation. *Latham v. Wells Fargo Bank*, 987 F.2d 1199, 1201-1202 (5th Cir. 1993).

District courts may also consider "whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default." *Id.* A district court need not consider all of the aforementioned factors in ruling

**Memorandum Opinion and Order – Page 5**

on a Rule 60(b) motion; these factors are simply used to identify circumstances that may warrant a finding of good cause. *Id.* A district court may refuse to set aside a default judgment if it finds the default was either willful or that the defendant failed to present a meritorious defense. *Id.* A finding as to either ends the court's inquiry. *Lacy*, 227 F.3d at 292 ("A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding.") (citation and internal quotation marks omitted).

Thomas does not contend that service of process in this case was improper; nor does she contend that the clerk's entry of default against her was improper. She instead asserts that service of the motion for default was improper. Written notice of an application for default judgment is only required when a party has appeared in a case prior to entry of a default judgment. Fed. R. Civ. P. 55(b)(2); *Jenkens & Gilchrist*, 542 F.3d at 119 n.2. Rule 5 relied on by Thomas applies to service of papers and pleadings but similarly provides that "[n]o service is required on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2). Accordingly, Rule 5 is inapplicable, and it is irrelevant whether Thomas was properly served with the motion for default judgment in this case.

Moreover, the record indicates that Thomas was personally served with a summons and copy of the Complaint in this case on February 14, 2014. The summons warned Thomas that if she failed to file an answer or otherwise respond within a certain time frame, a default judgment would be entered against her for the relief demanded in the Complaint. The record also indicates that Thomas was actually aware of the lawsuit in early March 2013, and even reached an agreement with the Commission to extend the deadline for Defendants to file an answer in this action to March 28, 2013. Thomas fails to explain why she did not file an answer or otherwise respond to the Complaint despite her awareness of the lawsuit and obtaining an agreed extension from the Commission to file an

answer or respond. The court therefore finds that her failure to file a responsive pleading was intentional, and that her default was willful. *See Lacy*, 227 F.3d at 292. Thomas also fails to present any meritorious defense for the court's consideration. Accordingly, the court concludes that good cause does not exist to vacate the default judgment entered against Thomas. The court will therefore deny Thomas's request to have the default judgment against her set aside.

### III.   Conclusion

For the reasons explained, good cause does not exist to set aside the default judgment entered against Thomas, and Thomas, who is not a licensed attorney, cannot represent Defendants DCCMG or Solomon Fund. The court therefore **denies** the Motion to Vacate Default Judgment (Doc. 15), filed pursuant to Federal Rule of Civil Procedure 60(b).

**It is so ordered** this 11th day of February, 2015.

_____
Sam A. Lindsay
United States District Judge